IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NIKITA WADALE HARPER, | : | MOTION TO VACATE |
| Reg. No. 40878-074, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
|   v. | : | 1:04-CR-218-CC-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-998-CC-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Nikita Wadale Harper, confined in the United States Penitentiary in Atwater, California, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 187]. Respondent filed a response in opposition [Doc. 196-2], and Movant filed a reply [Doc. 200]. For the reasons discussed below, I recommend that the motion to vacate be dismissed as untimely.

I.    Background

In a superseding indictment filed on July 6, 2004, Movant was charged with the following offenses: (1) armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (counts one, four, six, and eight); (2) possession of a firearm during the commission of an armed bank robbery, in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii) & (c)(1)(C)(i) (counts two, five, seven, and nine); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) & 924(e) (count three). [Doc. 21]. On November 4, 2005, a jury found Movant guilty on counts one through seven and not guilty on counts eight and nine. [Doc. 145]. On February 1, 2006, the District Court sentenced Movant to 1,044 months of imprisonment followed by five years of supervised release. [Doc. 154].

Movant appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on March 12, 2007. *See United States v. Harper*, 219 F. App'x 955 (11th Cir. 2007) (per curiam). [Doc. 182]. The United States Supreme Court denied certiorari on October 1, 2007. *See Harper v. United States*, 552 U.S. 870 (2007). [Doc. 183]. Movant executed his motion to vacate on March 27, 2014. [Doc. 187 at 13].

II.  Discussion

A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been

2

newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims.  *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant's convictions became final when the Supreme Court denied certiorari on October 1, 2007.  *See Clay v. United States*, 537 U.S. 522, 527 (2003).  Therefore, the one-year statute of limitations expired for Movant on October 1, 2008.[1]

Movant argues for the applicability of § 2255(f)(3) because (1) his grounds for relief are based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013); and (2) he submitted his motion to vacate within one year after those decisions were released.  [Doc. 187 at 4-7, 12; Doc. 187-1 at 6-7, 14-15].  However, the Eleventh Circuit has decided that *Descamps* does not satisfy § 2255(f)(3).  *See King v. United States*, No. 13-13693, 2015 WL 1898394 at *4 (11th Cir. Apr. 28, 2015) (per curiam).[2]  In *Moncrieffe*,

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[2] In *Descamps*, the Supreme Court discussed the proper approach for a sentencing court to determine whether a prior conviction qualifies as a predicate

3

the Supreme Court held that a noncitizen's conviction under "a [Georgia] criminal statute that extends to the social sharing of a small amount of marijuana" is not an "aggravated felony" under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq. Moncrieffe*, 133 S. Ct. at 1682.  Because *Moncrieffe* addresses only the INA, it does not apply to Movant.  *See Lenis v. United States*, Nos. 14-62439-Civ & 08-60177-Cr, 2014 WL 7476246 at *4 (S.D. Fla. Dec. 30, 2014).

Movant does not argue for the applicability of § 2255(f)(2) or (4).  Movant also does not present anything to (1) justify equitable tolling,[3] or (2) demonstrate

---

offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Descamps*, 133 S. Ct. at 2281.  The ACCA "increases the sentences of certain federal defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion." *Id.* (internal quotation marks omitted).  The Court held that "when the crime of which the defendant was convicted has a single, indivisible set of elements" and "criminalizes a broader swath of conduct" than "the offense as commonly understood," the sentencing court may not consult documents such as indictments and jury instructions in performing the ACCA predicate offense analysis. *Id.* at 2281-82.

[3] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

4

actual innocence.[4]  Therefore, the motion to vacate should be dismissed as untimely.

III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion."  *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.

5

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV.   Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 187] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to me.

**IT IS SO RECOMMENDED**, this <u>25th</u> day of <u>August</u>, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)