IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 1:04-CR-0218-CC-1 |
| vs. | : | |
| | : | CIVIL ACTION NO. |
| NIKITA W. HARPER, | : | 1:16-CV-2203-CC |
| | : | |
| Defendant. | : | |

## **AMENDED OPINION AND ORDER**[1]

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (the "Motion to Vacate") [Doc. No. 213]. For the reasons set forth below, the Court **DENIES** the Motion to Vacate.

**I.    BACKGROUND**

On November 4, 2005, after having been previously convicted of Georgia robbery and aggravated assault (twice),[2] Defendant Nikita W. Harper

---

[1] The Court enters this Amended Opinion and Order to address the issue of whether Defendant Nikita W. Harper is entitled to a certificate of appealability.

[2] Defendant has a lengthy criminal history. The Government accurately summarized it as follows:

> Defendant's adult criminal history began when he was 17 years old and committed simple battery by striking a woman in her face with his fist. (PSR at ¶ 93). That same year, Defendant was convicted of theft by receiving a stolen car. (Id. at ¶ 94). In addition, in 1990 Defendant robbed two victims by force. (Id. at ¶ 95). The following year, in 1991, Defendant was convicted of theft by receiving a stolen car, carrying a concealed weapon, and attempting to elude a police officer. (Id. at ¶ 96). During the next few years, Defendant was convicted of entering an automobile with the intent to

("Defendant") was found guilty by a jury of the following crimes: armed bank robbery (Counts One, Four, and Six), possession of a firearm during the commission of the bank robberies in violation of 18 U.S.C. § 924(c) (Counts Two, Five, and Seven), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Three). (Doc. No. 145.) At Defendant's sentencing hearing on February 1, 2006, the Court determined that Defendant qualified for an enhanced sentence under both the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[3] and the career offender provision of the United States Sentencing Guidelines. The Court imposed the following sentence: 180 months on each of the armed bank robberies, to run concurrently to each other; 180 months on the §

---

commit a theft, speeding, and criminal trespass. (Id. at ¶¶ 97-99). In 1996, Defendant was convicted of his first aggravated assault. (Id. at ¶ 100). During this offense, Defendant shot a man with a pistol. (Id.). That same year, Defendant was convicted of reckless driving and attempting to elude police officers, and of possessing marijuana with the intent to distribute. (Id. at ¶¶ 101-102). Four years later, in 2000, Defendant was convicted of forgery in the first degree; possessing marijuana with the intent to distribute; possessing a firearm as a convicted felon; and driving with a suspended license (three times). (Id. at ¶¶ 103-109). Also in 2000, Defendant was convicted of his second aggravated assault, this time for assaulting two police officers with the automobile he was driving. (Id. at ¶ 107).

(Doc. No. 218 at 2-3.)

[3] A felon-in-possession offense under 18 U.S.C. § 922(g) generally carries a 10-year maximum sentence. See 18 U.S.C. § 924(a)(2). Under the ACCA, where a defendant has three prior felony convictions that qualify as violent felonies, serious drug offenses, or a combination of both, the § 922(g) carries a mandatory minimum penalty of 15 years of imprisonment and a maximum penalty of life imprisonment. 18 U.S.C. § 924(e)(1).

922(g) crime, to run consecutively to the robbery sentences; 84 months on the first 18 U.S.C. § 924(c) charge, to run consecutively to all the other counts; 300 months on the second § 924(c) count, to run consecutively to all the other counts; and 300 months on the third § 924(c) count, to run consecutively to all the other counts, for a total sentence of 1,044 months in prison.  (Doc. No. 21, 154.)

Defendant filed a direct appeal with the Eleventh Circuit Court of Appeals. (Doc. No. 155.)  In that appeal, Defendants asserted the following five arguments: (1) that the district court abused its discretion in not conducting an evidentiary hearing on Defendant's second supplemental motion to suppress; (2) that the district court abused its discretion in permitting law enforcement agents to testify about an interview they conducted with Defendant's wife; (3) that the district court committed plain error in permitting agents to testify about their interview with Defendant's wife in violation of the Confrontation Clause; (4) that the district court imposed an unreasonable sentence; and (5) that United States v. Alemendarez-Torres, 523 U.S. 124, 118 S. Ct. 1219 (1998), is no longer good law.  (Doc. No. 182.) The Eleventh Circuit Court of Appeals affirmed Defendant's convictions and sentences.  (Id.)  Defendant filed a petition for writ of certiorari, which the Supreme Court denied on October 17, 2007.  (Doc. No. 183.)

On March 31, 2014, Defendant filed his first motion under 18 U.S.C. § 2255, alleging that his prior convictions for Georgia robbery and aggravated assault no

longer qualified as ACCA predicates after the issuance of <u>Descamps v. United States</u>, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).  (Doc. No. 187.)  This Court denied the § 2255 motion, holding that it was time-barred.  (Doc. No. 209.)  Thereafter, Defendant applied for and received permission from the Eleventh Circuit to file this second or successive § 2255 motion to challenge his ACCA sentence.[4]  (Doc. No. 212.)

Defendant presently challenges his enhanced sentence under the ACCA, pursuant to <u>Johnson</u>, which held that the ACCA's residual clause is unconstitutionally vague and that the imposition of an enhanced sentence under that residual clause violates due process.[5]  Defendant argues that he is no longer, by law, an armed career criminal because his prior convictions for aggravated assault and robbery are no longer ACCA violent felonies.  He contends he is entitled to relief under § 2255 because his current ACCA-enhanced sentence exceeds the statutory maximum and violates due process of law.  Defendant concedes that the outcome of his total sentence may or may not remain unchanged, given the sentences on the robberies and § 924(c) counts, but he maintains he is

---

[4] The Eleventh Circuit denied the application in part by forbidding Defendant from challenging his career offender sentences on the bank robbery counts in this proceeding. (Doc. No. 212 at 9.)

[5] The Supreme Court has held that <u>Johnson</u> is retroactive to ACCA cases on collateral review.  <u>Welch v. United States</u>, - - - U.S. - - -, 136 S. Ct. 1257, 1268, 194 L. Ed. 2d 387 (2016).

still entitled to relief from his ACCA sentence and deserves to have a new sentencing hearing.

## II.    DISCUSSION

A felon in possession of a firearm who has three prior felony convictions that qualify as violent felonies is subject to an enhanced statutory penalty under the ACCA. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). The first prong is known as the "elements" clause, while the second prong contains the "enumerated crimes" and "residual" clauses. United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). Neither aggravated assault nor robbery is set forth in the statute as an enumerated crime. See 18 U.S.C. § 924(e)(2)(B)(ii). Further, as stated above, the Supreme Court has found the residual clause unconstitutionally vague. Johnson, 576 U.S. at 595-97. Therefore, only the elements clause is a proper basis for Defendant's ACCA-enhanced sentence to be upheld.

The parties agree regarding the legal framework applicable to Defendant's Johnson claim. The Court's analysis is governed by Beeman v. United States, 871

F.3d 1215 (11th Cir. 2017). Under Beeman, the Court must assess whether Defendant is alleging "he was unconstitutionally sentenced under the residual clause, not that he was incorrectly sentenced under the elements or enumerated offenses clauses." Carmichael v. United States, 758 F. App'x 860, 862 (11th Cir. 2019). Beeman held that a defendant who challenges his ACCA sentence under Johnson fails to carry his burden of proof under § 2255 unless he demonstrates that the sentencing court relied solely upon the residual clause in arriving at the defendant's sentence. 871 F.3d at 1222. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement," the defendant has failed to carry his burden. Id.

"Whether the residual clause was the basis for the sentencing court's enhancement is a question of 'historical fact.'" United States v. Pickett, 916 F.3d 960, 963 (11th Cir. 2019). "To determine this historical fact[,]" the Court must "look first to the record, and then, if the record proves underdeterminative," the Court "can look to the case law at the time of sentencing." Id. (quotations and citations omitted). If the Court ultimately must look to the case law to determine this historical fact, Defendant has the burden of establishing that the "law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Beeman, 871 F.3d at 1224 n.5.

Here, there is no dispute that the record in this case does not indicate whether the Court's imposition of the ACCA-enhanced sentenced was based on the residual clause. In this regard, Defendant has not pointed to any comments or findings by the undersigned during sentencing indicating reliance on the residual clause. At the sentencing hearing, Defendant agreed that his two prior aggravated assault convictions qualified as "violent felonies" under the ACCA and that he also had a prior drug trafficking conviction.[6] (Doc. No. 168-1 at 6-9.) Likewise, Defendant has not pointed to any statements in the presentence report recommending that the enumerated clause and elements clause did not apply, and the Court finds that the presentence report is silent on the issue. In his briefing on the instant § 2255 motion, Defendant expressly concedes: "We must begin with a review of Mr. Harper's presentence report and the sentencing transcript, but neither tells us which clause of the ACCA (residual or elements) the Court used." (Doc. No. 232 at 2.)

Given that Defendant has not offered any evidence in the record of this case showing that he was sentenced under ACCA's residual clause, the Court's historical inquiry must focus on the case law at the time of sentencing. Having reviewed the briefing on this issue, the Court finds that Defendant has failed to

---

[6] Defendant argued only that his prior robbery conviction should not qualify as a "violent felony" under the ACCA because "he was a party to the crime of robbery and not a perpetrator of the violence." (PSR at 23.)

point to case law holding, or otherwise making obvious, that a violation of either Georgia's aggravated assault statute or robbery by force statute "qualified as a violent felony only under the residual clause." Beeman, 871 F.3d at 1224 (footnote omitted).

A. Aggravated Assault Convictions

In an effort to show that such precedent did exist at the time of sentencing with respect to the aggravated assault convictions, Defendant relies primarily on Patterson v. State, 299 Ga. 491, 789 S.E.2d 175 (2016), United States v. Palomino Garcia, 606 F.3d 1317 (11th Cir. 2010), and United States v. Moss, 920 F.3d 752 (11th Cir.), rehearing en banc granted, opinion vacated, 928 F.3d 1340 (11th Cir. 2019). The Court has reviewed these cases and considered Defendant's arguments carefully, and the Court finds that they do not enable Defendant to make the requisite showing under Beeman. These cases do not enable Defendant to establish that the "law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior [aggravated assault] conviction[s] w[ere] [ ] violent felon[ies]." Beeman, 871 F.3d at 1224 n.5 (emphasis added).

B. Robbery by Force Conviction

With respect to the robbery by force conviction, Defendant also maintains that the case law makes obvious that the conviction qualified only under the ACCA's residual clause at the time of the sentencing hearing. The Georgia statute

regarding robbery by force provides that a defendant commits robbery when, with intent to commit theft, he takes another's property:

(1) By use of force;

(2) By intimidation, but the use of threat or coercion, or by placing such person in fear of immediate serious bodily injuries to himself or to another; or

(3) By sudden snatching.

O.C.G.A. § 16-8-40.  Georgia's robbery statute is divisible, making it subject to the modified categorical approach to determine whether a robbery conviction is an ACCA predicate conviction.  Lloyd v. United States, No. 17-13276-K, 2018 WL 7108249, at *3 (11th Cir. Oct. 31, 2018) ("Georgia's robbery statute is divisible and subject to the modified categorical approach.").

According to Defendant, binding state precedent indicates that the robbery by force statute does not categorically include the active employment of violent force.  As pointed out by Defendant, the Georgia Supreme Court has stated the following regarding "force":

> Force implies actual personal violence, a struggle and a personal outrage.  If there is any injury done to the person, or if there is any struggle to keep possession of the property before it is taken from him, there will be sufficient force or actual violence to constitute robbery. . . .  "Force," in the sense in which it is used in defining the offense of robbery, consists in personal violence or that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight.

Henderson v. State, 209 Ga. 72, 74, 70 S.E.2d 713 (1952); see Curtis Johnson v. United States, 559 U.S. 133, 138, 130 S. Ct. 1265, 176 L. Ed.2d 1 (2010) (noting that federal courts are "bound" by a state supreme court's "interpretation of state law, including its determination of the elements" of a criminal offense "in determining whether a felony conviction . . . meets the definition of 'violent felony' in 18 U.S.C. § 924(e)(2)(B)(i)").

The question for the Court is whether the aforementioned interpretation of robbery by force meets the definition of "violent felony" under the elements clause. Curtis Johnson defines the "violent force" necessary under the elements clause as that "capable of causing physical pain or injury to another person." 559 U.S. at 140. Defendant emphasizes that a robbery by force in Georgia may be accomplished by any degree of force at all, "however slight," and states that the degree of force required under the Georgia statute falls short of the "violent force" standard mandated in Curtis Johnson. The Court disagrees.

As an initial matter, based on its placement, the "however slight" language seemingly modifies "resistance," not the degree of force necessary to constitute a robbery by force. The Court further rejects Defendant's argument that a robbery by force may be accomplished by any degree of force at all. Rather, Henderson teaches that it must be "that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight." 209 Ga.

at 74 (emphasis added).  The degree of force required for robbery by force is distinguishable, for example, from the de minimis force associated with a robbery by snatching, which occurs "where no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person." Edwards v. State, 224 Ga. 684, 686, 164 S.E.2d 120 (1968).

Robbery by force involves the use of actual physical force and is not the mere touching of a person to remove his or her property.  See Henderson, 209 Ga. at 74.  In Henderson, for example, the Supreme Court of Georgia held that where the defendant pointed a gun at the victim to cause the victim to surrender the property, the evidence was not sufficient to sustain a conviction of robbery by open force because the robbery was completed only by intimidation and without the use of any force.  Id.  Likewise, in Barksdale v. State, 24 Ga. App. 115, 100 S.E. 45 (1919), which the Henderson court cited with approval and quoted, the court held that "[e]vidence that the defendant held a pistol in a threatening and intimidating manner over the victim of an alleged robbery, while his confederates ran their hands through the pockets of the victim, and without violence relieved the latter of his money and other loose valuables unattached to the person or clothing, authorize[d] a conviction of robbery by intimidation, but not of robbery

by force." Id. at 115. The Georgia Court of Appeals reasoned that the robbery had been accomplished without "force." Id.

Robbery by force involves injury to the victim or a struggle that is capable of causing or increases the risk of such injury. See, e.g., Montos v. State, 212 Ga. 764, 765, 95 S.E.2d 792 (1956), overruled on other grounds by White v. State, 273 Ga. 787, 546 S.E.2d 514 (2001) (holding that evidence was sufficient to uphold robbery by force conviction where "defendant grabbed [victim], hauled her around, tried to hold her, tore her dress off her, and, after all of that, finally ripped off her brassiere, pulled the billfold from a pigskin bag pinned with a safety pin therein, [while] she at all times [was] resisting and trying to get away"); Brown v. State, 214 Ga. App. 733, 733-34, 449 S.E.2d 136 (1994) (holding that evidence was sufficient to uphold robbery by force conviction where the defendant struggled with the victim, grabbed her face, tried to put his hands around her neck, started trying to squeeze her, and, while the victim was fighting and screaming, grabbed a canvas bag of rolled coins from behind the driver's seat).

In sum, Defendant has not pointed to any precedent in 2006 holding, or otherwise making obvious, that a violation of Georgia's robbery by force statute qualified as a violate felony only under the residual clause. Robbery by force in Georgia has long necessitated the use of violent force, making it a violent felony under the ACCA's elements clause. Accordingly, Defendant's robbery by force

conviction satisfied the ACCA three-conviction threshold for enhancement as an armed career criminal, and Johnson has no impact on the validity of Defendant's sentence.  Under Beeman, Defendant's Johnson claim fails.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 213].  Because Defendant has not made a showing of a substantial denial of a constitutional right, a Certificate of Appealability is **DENIED**.

SO ORDERED this 10th day of November, 2020.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE